UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80033-Cr-Hurley/Vitunac(s)(s)

UNITED STATES OF AMERICA

    Plaintiff,

v.

DARRIN LEE PRESSLEY

    Defendant.
_____/



FILED by \_\_\_\_\_ D.C.

SEP 1 0 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 89) from United States District Judge Daniel T. K. Hurley referring Darrin Lee Pressley's Motion for Return of Property Pursuant to Rule 41(g) (DE 88). On August 20, 2009, the government filed its Response (DE 90). Mr. Pressley's Reply was due by August 31, 2009. He did not file a Reply, and the matter is ripe for review.

On September 7, 2007, Mr. Pressley was detained while leaving a Golden Sands Motel room, which was then under surveillance by the Boyton Beach Police Department. Mr. Pressley was ultimately arrested and a pat-down search incident to his arrest revealed a bundle of $1,850 in U.S. currency in his right front pants' pocket. Subsequently, Mr. Pressley was federally indicted for multiple counts of distribution of controlled substances and possession of ammunition by a convicted felon (DE 8, 32 & 51). On November 10, 2008, Mr. Pressley pled guilty to Count 1 of the Second Superseding Indictment (DE 72 & 73), and on April 3, 2009, was sentenced to 188 months in prison (DE 86 & 87).

## CONTENTIONS OF THE PARTIES

### Petitioner's Motion

Mr. Pressley moves the Court to "enter[] an order direct[ing] that the $1,850.00 be returned to the Defendant Darrin Lee Pressley by whatever law enforcement agency that is in possession of the money" (DE 88). In support of his request, Mr. Pressley argues (1) that the government never indicated its intent to forfeit the $1,850.00, and (2) Assistant United States Attorney John C. McMillan does not object to the return of the $1,850.00.

### Government's Response

In its response, the Government raises a number of arguments. First, the government argues Pressley is seeking relief from the wrong party as the government does not possess the money. Second, the government disputes Mr. Pressley's statements that he had no notice of the government's intent to forfeit the cash. In support, the government attaches the notice of intended forfeiture the Boynton Beach Police Department attempted to give to Mr. Pressley, which Mr. Pressley refused to sign. Third, the government argues that Mr. Pressley has abandoned the $1,850.00 by refusing to sign the notice of intended forfeiture. Lastly, the government argues that Mr. Pressley failed to timely assert a claim to the cash.

## DISCUSSION

Mr. Pressley moves for the return of the $1,850.00 pursuant to Federal Rule of Criminal Procedure 41(g), which provides as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the

2

property and its use in later proceedings.

Mr. Pressley is presumed to have a right to his property, "and the government must demonstrate that it has a legitimate reason to retain the property." United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001). This is the guiding principle by which the Court must make its recommendation. This principle, however, relies on two factual predicates. First, the property in question, must, in fact, be Mr. Pressley's. Second, the government must have the property in question. In the present instance, neither predicate exists.

### Pressley's Property Interest

On September 7, 2007, after the $1,850.00 was recovered from Mr. Pressley's pant pocket, Officer Johnson provided Mr. Pressley with a notice of forfeiture (DE 90 Ex. B). The notice set forth the City of Boynton Beach Police Department's intent to forfeit the property and detailed the procedure Mr. Pressley could undertake to recover the $1,850.00. Id. The notice informed Mr. Presley that he could request an adversarial hearing within 15 days from receiving notice. If Mr. Pressley failed to request a hearing, the forfeiture case would go to trial. Id. Mr. Pressley refused to sign for the $1,850.00, id., or request a hearing. Ultimately, the forfeiture case was resolved and the $1,850.00 was turned over to the City of Boynton Beach. Affidavit Scott Harris (DE 9- Ex. C). In short, the Court cannot find that Mr. Pressley has a current interest in the $1,850.00 where he refused to acknowledge any interest initially or to make a claim on the $1,850.00 during the forfeiture proceedings as required by Florida Contraband Forfeiture Act, Fla. Stat. 932.701-707.

### Government's Possession

Even were the Court to find that Mr. Pressley maintained an interest in the $1,850.00, the Court could not recommend that Mr. Pressley's motion be granted because the government informs

3

the Court that it does not possess the $1,850.00. In support of its statement, the government submits the affidavit of William W. Mann, Evidence Custodian with the Boynton Beach Police Department (DE 90 Ex. A). Mr. Mann details the history of the $1,850.00 as follows. On September 7, 2007, the cash was placed into evidence. On January 4, 2008, the cash was turned over to Officer Johnson for an SAO review and returned to evidence approximately one hour later. On June 11, 2008, ATF special agent Vincent Holmes examined the cash and returned it to evidence twenty minutes later. Thereafter, the cash sat in evidence until April 8, 2009, when it was turned over to the City of Boynton Beach and deposited into the Boynton Beach Police Department Abandoned Fund. Mann Affidavit (DE 90 Ex. A). Mr. Pressley has not filed a Reply or offered any evidence to refute the government's history or the current location of the $1,850.00. As, the Court cannot compel the government to return what it does not possess, United States v. White, 718 F.2d 260, 262 (8th Cir. 1983) (citing United States v. Prevatt, 414 F.2d 239 (5th Cir. 1969), supplemented by 446 F.2d 905 (5th Cir. 1971)), the Court must recommend that Mr. Pressley's motion be denied.

## RECOMMENDATION

Accordingly, because the Court finds that (1) Mr. Pressley does not have a current interest in the $1,850.00 and (2) the government does not possess the $1,850.00, the Court respectfully RECOMMENDS to the District Court that the Defendant's Motion to Return Personal Property (DE 88) be DENIED.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T. K. Hurley, within ten (10) days after being served with a copy. 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope

of appellate review of factual findings contained herein. United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 10 day of September, 2009.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Daniel T. K. Hurley
AUSA John McMillan, Jr.
Darren Lee Pressley, *pro se*